### NATH v S S KRESGE CO

Ohio Appeals, 6th Dist, Erie Co

Decided June 8, 1936

J. F. McCrystal, Sandusky, and Carpenter & Freeman, Norwalk, for appellee.

King, Flynn & Frohman, Sandusky, for appellant.

## OPINION

By OVERMYER, J.

Gladys A. M Nath, appellee, recovered a verdict and judgment in the Common Pleas Court against the S. S. Kresge Company, appellant, in the sum of $5,000, for injuries claimed to have been sustained by her as a result of eating a quantity of hard candy purchased on December 26, 1931, at defendant's store in Sandusky, Ohio, which candy. it is alleged, contained glass or other hard substances. Appellant denied the sale of the candy, the presence of glass or other harmful substances in the candy, and denied that the eating of the candy injured appellant's system.

In seeking a reversal of the judgment appellant assigns a number of alleged errors, chiefly that the verdict is contrary to the weight of the evidence, that it is contrary to law, that there was error in not entering judgment for appellant and that there was error in the charge to the jury, in misconduct of the jury, and that the verdict was excessive.

The evidence tends to show that on the evening of December 26, 1931, Mrs. Nath, aged about 36 years and enjoying good health, accompanied by her husband and some friends, purchased 25 cents worth of common, hard, mixed candy in bulk at the store of the S. S. Kresge Company in Sandusky, Ohio, took it to her home in a sack in which it had been placed by the clerk who waited on her, and that during the evening other friends also came in and all engaged in card playing, the candy being on the card table in several small dishes. It appears that others of the party ate of the candy, and appellant, Mrs. Nath, ate a number of pieces.

When the party broke up after midnight, Mr. Nath took some of the party home in his car, and others walked home, leaving Mrs. Nath alone for a short time. About 3 o'clock, A. M., and before Mr. Nath returned, a friend, Mrs. Lowes, and a Mrs. Welles, called at the Nath home and found Mrs Nath on the kitchen floor in convulsions, and when Mr. Nath returned he says Mrs. Nath was on the floor "all doubled up," with blood coming from her mouth in quantities. A doctor was called and Mrs. Nath was put to bed. Witnesses who came in during the night testified to the quantity of blood on the floor and of mopping it up.

From that night on December 26, 1931, to the date of trial in the spring of 1935, the record discloses repeated convulsions, almost daily hemorrhages from the rectum or mouth; the frequent passing of particles of glass through the bowels, and removal from the rectum of particles of glass by the doctor, and loss of weight from 125 or 130 pounds to 74 pounds. The record further discloses great pain and suffering, especially preceding hemorrhages; the passing from her rectum on January 23, 1933, of a tumor of coagulated blood weighing about three pounds. since which, time her bowels, bladder and other lower organs, and her thighs, have been paralyzed and have no sensation, and she has had no control of the bowels or bladder.

After carefully reading the record, with particular attention to the medical testimony, we are convinced that if the appellant sold the candy to the appellee, and it

did contain glass or other hard substances, and she ate the candy and thereby received the injuries shown by the record, the verdict is in no respect excessive. The questions suggested in the above statement were peculiarly jury questions, and we conclude from an examination of the evidence that the same amply sustains the verdict.

The evidence stands practically undisputed that appellee purchased the candy at the place and time claimed; that she ate of the candy; that she became violently ill within a few hours and had hemorrhages and convulsions; that many small particles of glass were passed by her from time to time and removed on many occasions from her lower bowels and rectum by the doctor; that her nephew crushed pieces of the candy and found glass therein, and another witness, a friend, examined the candy and found a sharp, transparent substance about 3/32 of an inch long on the outer edge of one piece.

In the course of Mrs. Nath's treatments, a blood test was made in March, 1935, and the result was a three plus Wasserman or third stage syphilis, and counsel for the appellant advance the argument that if appellee did have glass in her system she voluntarily ate it to produce an illness that would hide the syphilis and mislead her husband. There is no evidence whatever to sustain this claim. The medical witnesses concede that many of her symptoms may have come from the disease and not from the glass, but the medical evidence also shows that one may have a latent syphilis and remain in general good health until trauma or other great shock or lowered vitality brings it to the active stage. Whatever disease appellee may have had, if the eating of candy containing sharp, irregular pieces of glass would aggravate such disease, or bring a latent disease into active stage, as medical testimony says may happen, and the jury found it had such effect, liability would follow, and the court so charged the jury.

It is claimed that because of certain testimony given by appellee regarding the number of deceased children she had borne, and the number of miscarriages she had had prior to 1925, which testimony it is claimed was refuted by other evidence, the court erred in not specifically charging the jury on the right of the jury to exclude the entire testimony of a witness whom they find to have testified falsely on any material matter. The court did charge the jury that the weight and credibility of the testimony of every witness was for it to determine, and we find that although at the close of the charge the court inquired of counsel if they had any suggestions to make there is no suggestion in the record from counsel for appellant to have the court charge on that subject.

Another claimed error is misconduct of the jury in making experiments in the jury room during deliberations, by dissolving some of the candy from exhibits in evidence in a jar of water. On motion for new trial some oral testimony was offered, and affidavits were filed of several jurors, the court reporter and court bailiff as to this experiment, and of the finding of the jar in the jury room after the jury had reported, and the testimony and affidavits are incorporated in the record. Testimony or affidavits of jurors as to what occurred in the jury room can not be received after verdict to impeach the verdict, unless proper foundation has been laid. Without determining whether a proper foundation was laid for their reception and consideration on motion for new trial herein, we find on examination of the record that no prejudicial error resulted from what was done.

Finding that the verdict is not against the manifest weight of the evidence; that it is not excessive, suggesting passion or prejudice, and that no prejudicial error intervened in the trial, the judgment will be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.